UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIE BAZELAIS,                              Case No.:

        Plaintiffs,
vs.

SOUTH UNIVERSITY OF FLORIDA-
MEMBER, LLC, A Florida LLC in the
State of Florida,

        Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff, **MARIE BAZELAIS** (hereinafter referred to as "Plaintiff") sues defendant, **SOUTH UNIVERSITY OF FLORIDA-MEMBER, LLC, A Florida LLC Corporation** (hereinafter referred to as "Defendant"), and alleges as follows:

### Introduction

1. This is a racial and national origin discrimination action by Plaintiff a Haitian, whom, **One**, Plaintiff is employed as a fulltime Professor for the Defendant during the relevant times of the alleged in the facts and during her employment she was subjected to a hostile work environment, disparate treatment and retaliation due to her race and national origin which was a result of the toxic environment being ignored after complaints were made by the Plaintiff to the Defendant. **Two**, Plaintiff suffered severe mental anguish and emotional distress at the hands of the Defendant.

2. Plaintiff sue pursuant to the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FRCA"), and section 725.07, Florida Statutes, the Plaintiff also sues under 42 U.S.C. 1981 for violations of the Plaintiffs equal rights, and under Title VII of

the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"). Plaintiff seeks damages and her costs, including punitive damages and reasonable attorney's fees and litigation expenses.

## Jurisdiction and Venue

3. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq.* and 42 U.S.C. Sections 1981 and 1981a. This Court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. Section 1367.

4. Venue is proper in Southern District of Florida because Defendant conducts its business in Palm Beach County, Florida, and because the cause of action arose there.

5. Venue is proper under is 42 USC 1981 in state court based upon concurrent jurisdiction of statute.

## The Parties

6. Plaintiff is Haitian, who, at all times and material, was employed by Defendant until her wrongful termination on July 7, 2020.

7. Defendant is, and at all times material a Florida corporation doing business in Palm Beach County, Florida. At all times material, Defendant employed 15 or more persons and is and was an "employer" defined statutes that suit is brought under in this matter.

## Conditions Precedent

8. Plaintiff has exhausted her administrative remedies.

9. Plaintiff filed a charge of discrimination. Thereafter, by letter the EEOC issued Plaintiff a notice of right to sue. Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue. All conditions precedent to institution of this action by Plaintiff has been fulfilled.

10. All other conditions precedent to this action have been satisfied and/or waived.

### General Allegations

11. Plaintiff was employed as a fulltime Professor from March 2017 until her wrongful termination on July 7, 2020.

12. The Plaintiff has been subjected to a hostile work environment.

13. The Plaintiff outlined these complaints of a hostile work environment in emails and letters to the administration which outlined comments which were made by Dr. Diaz such as being called a "Bitch" ; "Blackbury"; "and the President of the school, Dr. Everett asking me repeatedly "Are the students able to understand what you are saying", and other severe and pervasive language.

14. The Plaintiff made formal complaints to the administration in which only led to further retaliation by the administration such as written punitive actions by Dr. Diaz against Plaintiff for actions that were the formation of a basis of a disciplinary action and was done in malice against Plaintiff.

15. The Plaintiff unlike other comparators, received unannounced cancellations of lectures as late as 9 P.M. the night before the lecture, placing myself in an embarrassment and unprofessional position with faculty and students.

16. That the Plaintiff did not receive fair treatment on evaluations, where Plaintiff received retroactive evaluations on her syllabi instead of on-going evaluations prior to making of the syllabi to assist her with her classes. This disparate treatment was not done to other comparators on staff.

17. The Plaintiff was held accountable for information discussed in faculty meetings, in which she was not even invited and present for. This action by the Defendant was further proof the retaliatory and hostile treatment the Plaintiff endured.

18. The Plaintiff was not offered the full clinical schedules as provided to other staff.

19. The Plaintiff made formal complaints to Human Resources as early as June 2018, and as late as 2020. The Plaintiff has complained to her director and her supervisor on the actions of both hostile work environment and retaliation, to no avail and only further retaliatory actions

continued.

20.   The Plaintiff was not paid for work performed on occasions, these complaints were taken to the dean of Academic Affairs, Dr. Biron with no action to correct it.

21.   Plaintiff was subjected to a hostile work environment due her national origin of being Haitian, and comments were made by management regarding her national origin. These comments created a hostile work environment, which Plaintiff suffered emotional distress as a result of these comments, and used in such a way to create an atmosphere of a hostile work environment that affected Plaintiff's employment status, and interfering with her performance at work.

22.   As a result of the complaints made to management and human resource department management, the Plaintiff was then systematically retaliated against through a series of continued hostile work environment comments regarding Plaintiffs national origin and race as described above. After the receipt of the right to sue letter from the E.E.O.C. the Plaintiff was wrongfully terminated on July 7, 2020 as direct retaliation of the Complaint filed with that agency.

23.   Defendant, through the actions more specifically alleged above, affected Plaintiff, in a "term, condition or privilege" of her employment.

24.   The Plaintiff is responsible for attorney fees and costs.

## Count I
## Violation of the FCRA
## [DISPARATE TREATMENT]

25. Plaintiff realleges and adopts the allegations of paragraph 1 through 24.

26. The acts of Defendant and its agents, as more particularly alleged above, violated Plaintiff rights against national origin and race under the Florida Civil Rights Act.

27. The national origin discrimination and adverse employment actions to which Plaintiff was subjected to were based upon her being Haitian.

28. The conduct of Defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above ; future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

29. The conduct of Defendant and its agents was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of exemplary damages to punish Defendant, and to deter it, and others from such conduct in the future.

30. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to section 760.11(05), Florida Statutes.

WHEREFORE, Plaintiff prays that this Court will:

*One*, enjoin Defendant , and its agents, from continuing to violate Plaintiff's rights;

*TWO*, enjoin Defendant to make Plaintiff whole through, inter alia, back pay and front pay;

*THREE* grant Plaintiff judgment for damages, including punitive

damages, for One Million Dollars ($1, 000, 000) against Defendant;

    **FOUR,** award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant; and

    **FIVE** provide Plaintiff any other relief that is appropriate.

### Count II/Violation of the Section 725.07, Fla. Stat.

  31. Plaintiff realleges and adopts the allegations of paragraph 1 through 24.

  32. The acts of Defendant and its agents, as more particularly alleged above, Violated. Plaintiff rights against racial and national origin discrimination under section 725.07, Florida Statutes, with respect to the services he performed for Defendant.

  33. The racial and national origin discrimination to which Plaintiff was subjected to was based upon his being Haitian.

  34. The conduct of Defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above resulting in her termination and lost wages and benefits; future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

  35. The conduct of Defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

  36. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to section 725.07(2), Florida Statutes.

  WHEREFORE, Plaintiff prays that this Court will:

    WHEREFORE, Plaintiff prays that this Court will:

*One*, enjoin Defendant, and its agents, from continuing to violate Plaintiff's rights;

*TWO*, enjoin Defendant to make Plaintiff whole through, inter alia, back pay and front pay;

*THREE*, grant Plaintiff judgment for damages, including punitive damages, for One Million Dollars ($1,000,000) against Defendant;

*FOUR*, award Plaintiff his reasonable attorney's fees and Litigation expenses against Defendant; and

*FIVE* provide Plaintiff any other relief that is appropriate.

*Six*, provide Plaintiff any other relief that is appropriate.

### Count III/Violation of the Section 42 U.S.C. 1981

37. Plaintiff realleges and adopts the allegations of paragraph 1 through 24.

38. Plaintiff is a member of a protected class because of her race.

37. Defendant was in violation of 42 U.S.C. Section 1981 by disparate treatment and hostile work environment of Plaintiff based upon her race as person of color.

38. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee because of her race.

39. The unlawful employment practices complained of were intentional.

40. The unlawful employment practices against the Plaintiff was done with malice or reckless indifference to the Plaintiff's federally protected rights.

41. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity,

a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

WHEREFORE, Plaintiff prays that this Court will:

WHEREFORE, Plaintiff prays that this Court will:

*One*, enjoin Defendant, and its agents, from continuing to violate Plaintiff's rights;

*TWO*, enjoin Defendant to make Plaintiff whole through, inter alia, back pay and front pay;

*THREE*, grant Plaintiff judgment for damages, including punitive damages, for One Million Dollars ($1,000,000) against Defendant;

*FOUR*, award Plaintiff his reasonable attorney's fees and Litigation expenses against Defendant; and

*FIVE* provide Plaintiff any other relief that is appropriate.

*Six*, provide Plaintiff any other relief that is appropriate.

## COUNT IV

## DEFENDANT HAS VIOLATED TITLE VII
### (Disparate Treatment)

42. Plaintiff adopts and realleges paragraphs **1-22** as if incorporated herein.

43. Plaintiff is a member of a protected class because of her National Origin and Race.

44. The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e et seq.

45. That the Plaintiff throughout her tenure with Defendant suffered disparate treatment in the terms and conditions of her employment as described in Paragraphs

1-24.

46. The Plaintiff was not provided the same terms, conditions and privileges as her comparators.

47. The Defendant has intentionally discriminated against Plaintiff because of her national Origin and race in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff based upon her national origin and race.

48. The unlawful employment practices complained of were intentional.

49. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

50. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

WHEREFORE, Plaintiff prays that this Court will:

WHEREFORE, Plaintiff prays that this Court will:

*One*, enjoin Defendant, and its agents, from continuing to violate Plaintiff's rights;

*TWO*, enjoin Defendant to make Plaintiff whole through, inter alia, back pay and front pay;

*THREE*, grant Plaintiff judgment for damages, including punitive damages, for One Million Dollars ($1,000,000) against Defendant;

*FOUR*, award Plaintiff his reasonable attorney's fees and Litigation expenses against Defendant; and

*FIVE* provide Plaintiff any other relief that is appropriate.

*Six*, provide Plaintiff any other relief that is appropriate.

## COUNT V
## DEFENDANT HAS VIOLATED TITLE VII
### (Hostile Environment)

51. Plaintiff adopts and realleges paragraphs **1-22** as if incorporated herein.

52. Plaintiff is a member of a protected class because of her National Origin and Race.

53. The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e et seq.

54. That the Plaintiff throughout her tenure with Defendant suffered hostile work environment in the terms and conditions of her employment as described in Paragraphs 1-24 above.

55. The Plaintiff was not provided the same terms, conditions and privileges as her comparators.

56. The Defendant has intentionally discriminated against Plaintiff because of her National Origin in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff based upon her national origin and race.

57. The unlawful employment practices complained of were intentional.

58. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

59. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

WHEREFORE, Plaintiff prays that this Court will:

WHEREFORE, Plaintiff prays that this Court will:

*One*, enjoin Defendant, and its agents, from continuing to violate Plaintiff's rights;

*TWO*, enjoin Defendant to make Plaintiff whole through, <u>inter alia</u>, back pay and front pay;

*THREE*, grant Plaintiff judgment for damages, including punitive damages, for One Million Dollars ($1,000,000) against Defendant;

*FOUR*, award Plaintiff his reasonable attorney's fees and Litigation expenses against Defendant; and

*FIVE* provide Plaintiff any other relief that is appropriate.

*Six,* provide Plaintiff any other relief that is appropriate.

VERIFICATION

**STATE OF FLORIDA** )
                     )SS
**COUNTY OF** Palm Beach

BEFORE ME the undersigned authority, personally appeared MARIE BAZELAIS who, after being duly cautioned and sworn deposes and says that he/she has read the above Complaint attached hereto and that the information contained Complaint is true and correct, THIS 7/8 DAY, 2020.

_____
KEITH DEWHURST

Submitted _____ day of June, 2020.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), and FCRA, the Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.

Respectfully submitted,

DISCRIMINATION LAW CENTER, P.A.

2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.
(561) 299-3892 fax.

By: /s/ Jay F. Romano
Jay F. Romano
Trial Attorney
Florida Bar No.: 0934097

\